IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL C. GARVEY,

    Plaintiff,

  v.                                Civil Action 2:25-cv-00609
                                      Chief Judge Sarah D. Morrison
                                      Magistrate Judge Kimberly A. Jolson

MOUNTAIN LION OIL & GAS, LLC, et al.,

    Defendants.

## OPINION AND ORDER

Plaintiff's Motion to File Document Under Seal and Defendants' Motion for Leave to File a Memorandum in Support of Plaintiff's Motion are before the Court. (Docs. 61, 62). Defendants' Motion (Doc. 62) is **GRANTED**, and Plaintiff's Motion (Doc. 61) is **GRANTED IN PART and DENIED IN PART**.

**I.    BACKGROUND**

Plaintiff is an oil well geologist who was hired by Defendant Lion Oil & Gas, LLC ("MLOG") to "procure oil and gas mineral leases for MLOG." (Doc. 28 at ¶¶ 11, 15). Plaintiff describes the business arrangement as follows. MLOG was tasked with finding properties where it wanted to acquire mineral rights. (*Id.* at ¶ 10). Plaintiff then would contact landowners, who hopefully would agree to sell their mineral rights. (*Id.* at ¶ 15). Next, MLOG would prepare the contracts for Plaintiff to obtain the landowners' signatures. (*Id.*). On the contracts, Defendant Silverback Royalties, LLC ("Silverback") would be listed as lessee (*id.*), and Defendant Tusk Exploration II, LLC ("Tusk II") would pay Plaintiff (*id.* at ¶ 17).

Plaintiff alleges that during the time of his contract with MLOG, and without notice, MLOG prevented him from closing mineral lease transactions he previously procured. (*Id.* at

¶ 20). Plaintiff also claims he did not receive payment for the last two weeks of August 2023, or for the month of September 2023, and that MLOG had law enforcement forcibly remove him from his residence owned by "one or more of the Defendants." (*Id.* at ¶¶ 18, 20). He also alleges MLOG terminated his employment agreement without notice. (*Id.* at ¶ 20).

Plaintiff filed this action against MLOG, Silverback, Tusk II, SRO-22 ("SRO"), and two individuals, alleging breach of contract, fraudulent inducement, and fraudulent concealment. (*Id.* at 9–18). SRO subsequently filed a motion to dismiss, arguing that it is not a party to the contract between MLOG and Plaintiff. (Doc. 37-1).

To its motion to dismiss, SRO attached a copy of its "Consulting Agreement" between it and MLOG. (Doc. 37-2). Plaintiff filed a response (Doc. 53), and moved for leave to file a "Relationship Agreement" between Defendants SRO, MLOG, and Tusk II as an exhibit to his response under seal. (Doc. 56). The Court denied that motion without prejudice, explaining that Plaintiff did not meet the high burden to justify sealing. (Doc. 60). The Court gave Plaintiff seven days to refile his Motion with the correct analysis. (*Id.*). Plaintiff refiled, and Defendants SRO, MLOG, and Tusk II (collectively "Defendants") filed a Motion for Leave to file a Memorandum in Support. (Doc. 62). The Motions are ripe for review.

## II. STANDARD OF REVIEW

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining

2

the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption

3

in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 637.

### III. DISCUSSION

The Court previously denied without prejudice Plaintiff's first Motion to Seal because it did not include the proper legal analysis. (Docs. 56, 60). In his revised Motion, Plaintiff claims he is "not unwilling to do [the required legal analysis], but Plaintiff does not have sufficient knowledge to present the necessary arguments." (Doc. 61 at 2). Defendants subsequently filed a Motion for Leave to File a Memorandum of Support of Plaintiff's Motion. (Doc. 62). Their Memorandum in Support includes an analysis of the three *Shane Group* factors as applied to the Relationship Agreement. (*Id.*). Accordingly, the Court **GRANTS** Defendants' Motion for Leave to File a Memorandum in Support of Plaintiff's Motion (*id.*) and evaluates their arguments in turn.

As directed, Plaintiff submitted a redacted and an unredacted version of the Relationship Agreement to the Court for an *in camera* inspection. Upon review, the Court notes that the Relationship Agreement contains proposed redactions for three categories of information: (1) dollar amounts of Defendants' funding commitments, (2) geographic areas covered by the Relationship Agreement, and (3) personal contact information of Defendants' representatives. In considering the *Shane Group* factors, the Court finds justification for redacting some but not all of this information.

First, Defendants argue they have a compelling interest in keeping the dollar amounts for their funding commitments under seal. (Doc. 62-1 at 3). Citing competitive interests, Defendants argue that disclosure of this information could "provide competitors with an unfair advantage or

4

be used against Defendants in negotiations related to similar future endeavors." (*Id.*). While it may be true that the price parties agree to pay under a contract can harm that party's competitive position in future negotiations, clear precedent dictates that this is not a compelling reason to redact that information from the public eye. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (holding that the "bald assertion" that disclosing information such as the price a party makes under a contract "would harm a party's competitive position" is not a compelling reason to seal) (citation modified)). Defendants do not distinguish their argument from the holding in *Grae*, nor does either party offer other support besides the "bald assertion" that revealing the information could cause Defendants hypothetical competitive harm. *Id.*; (Doc. 62-1 at 3; Doc. 61 at 2). As a result, Plaintiff's Motion to place this financial information under seal is **DENIED.**

Second, Defendants argue they have a compelling interest in keeping geographic locations in the Relationship Agreement under seal. (*Id.*). This time, the Court agrees. Unlike financial information, parties have a "compelling competitive interest in sealing its sensitive business information" such as internal "geography maps" and other "internal procedures." *See Duff v. Centene Corp.*, No. 1:19-CV-750, 2022 WL 3151889, at *1–2 (S.D. Ohio Aug. 8, 2022) (granting motion to seal internal policy procedures such as "detailed charts illustrating provider coverage, including how far members in any given country must travel to reach a particular type of care provider."). Similar to *Duff*, disclosure of the geographical information in the Relationship Agreement reveals a detailed map, including exact locations of where Defendants intend to purchase mineral leases. The Court agrees with Defendants that revealing this information would "allow Defendants' competitors to target the exact same areas Defendants continue to pursue, which might not otherwise be known to them." (Doc. 62-1 at 3). As such, Defendants present a compelling reason for non-disclosure.

The Court also agrees with Defendants that the public's interest in having this information does not outweigh Defendants' interest in keeping it private. (*Id.* at 4). The interest in sealing records is not outweighed by public interest where such information is not relevant to the case at hand. *See Shane Grp.*, 825 F.3d at 305 ("the public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions") (citation modified). As Defendants assert, the geographic information contained in the Relationship Agreement is not necessary for the public to understand their alleged wrongdoing or the Court's decision-making. (*Id.* at 4). Thus, the public interest does not outweigh Defendants' compelling interests to seal.

The redactions of geographic information also satisfy the third *Shane Group* prong, as the proposed redactions are narrowly tailored. This means that "the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 305. This district has previously held that when parties "do not seek to seal the contents of the documents at issue completely," the sealing is no broader than necessary to address its compelling interest. *Total Quality Logistics, LLC v. Riffe*, No. 1:19-CV-23, 2020 WL 5849408, at *2 (S.D. Ohio Sept. 30, 2020) (finding narrow tailoring where the parties "do not seek to seal the contents of the documents at issue completely" and where the parties "have already filed redacted versions of the documents on the public docket."). Here too, Plaintiff does not seek to file the entire Relationship Agreement under seal. Instead, he seeks to file a version that redacts the map and specific geographical locations to effectuate Defendants' compelling interest of concealing this information from competitors. The proposed redactions are "no broader than necessary" to do so. Accordingly, Plaintiff's Motion to redact geographical information is **GRANTED.**

Third, the Relationship Agreement contains proposed redactions of the personal contact

6

information of Defendants' respective representatives. (Doc. 62-1 at 3). Defendants assert that they have a compelling privacy interest in sealing this information and that the public does not need the contact information of Defendant's representatives to understand the claims in this case. (*Id.*). The Court agrees. Privacy interests are compelling reasons to redact an individual's personal contact information, and the public has no outweighing interest in revealing this information, especially where it bears no relevance to the present case. *See United States v. EES Coke Battery, LLC*, No. 22-11191, 2025 WL 1621296, at *22 (E.D. Mich. June 9, 2025) ("Such sensitive and privileged information will not be given to the public."), *objections overruled*, No. 22-11191, 2025 WL 1983451 (E.D. Mich. July 17, 2025). And the Court finds these proposed redactions are narrowly tailored. Accordingly, Plaintiff's Motion to redact this information is **GRANTED.**

## IV. CONCLUSION

Defendants' Motion for Leave to File a Memorandum in Support (Doc. 62) is **GRANTED**, and Plaintiff's Motion to Seal (Doc. 61) is **GRANTED IN PART and DENIED IN PART**. Plaintiff is **ORDERED** to file the Relationship Agreement under seal **within seven (7) days**. Plaintiff is **ORDERED** also file a redacted version of the exhibit consistent with this Order to the public docket by the same date.

IT IS SO ORDERED.

Date: October 30, 2025　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE